## HOPE INSURANCE COMPANY

*v.*

## THOMAS LONERGAN.

1. NEW TRIAL—*verdict against the evidence.* This court will not disturb the finding of the circuit court upon the facts, unless such finding is plainly against the evidence.

2. And when there is a contrariety of evidence on both sides, but the facts and circumstances by a fair and reasonable intendment, will warrant the finding of the court, it will not be disturbed.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Chief Justice, presiding.

The opinion fully presents the facts.

Mr. O. B. SANSUM, for the appellants.

Mr. JOHN BORDEN, and Mr. WM. B. SNOWHOOK, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

In this case the policy provided that the company would not be liable for loss occasioned by the explosion of a steam boiler, unless fire should ensue, and then only for the damage by fire. The insurance was upon two brick buildings of three stories, standing in a block, and used as a mill. The boiler was in a shed in the rear, its head, which was nearest the mill, being twenty-two feet distant. The boiler exploded in the night, thereby communicating fire to the mill, which was destroyed. The record presents for our decision only a question of fact, to-wit: was the mill substantially destroyed by the explosion, or by the fire? Or, more accurately, did the plaintiff prove that the mill was damaged by the fire alone, to

the extent of the entire insurance effected upon it in the different companies?

If we were sitting as the tribunal before which this case was for the first time on trial, we admit we should have great difficulty in coming to a satisfactory conclusion. But under the rules which govern us as an appellate court, our duty, in this case, is not so difficult. It is hardly necessary to repeat what has been so often said, that where the question before us is purely one of fact, we do not reverse unless the finding in the circuit court has been plainly against the evidence. In the record before us, the evidence upon the point at issue is so contradictory, and there is upon each side such an array of witnesses apparently deserving of credit, that we could not set aside a verdict found for either party upon this testimony, without disregarding the settled practice of this court. Some of the witnesses swear they arrived upon the ground immediately after the explosion, and before the fire had made much headway, and that the walls had then in great part fallen, and the buildings were substantially a mass of ruins. Their testimony, if uncontradicted, would show the loss was occasioned chiefly by the explosion, and not by the fire. But there are other witnesses who seem equally credible, with the same means of observation, and at least equal reasons for observing, and who swear that when they reached the building, after the explosion, the walls were standing. If their evidence is correct, the court trying the case, a jury having been waived, was justified in finding that the loss was substantially caused by the fire instead of the explosion. As we have not the witnesses before us, our means of determining to which class most credit is due, are not so good as those of the court below. But he may have considered them equally honest and intelligent, and have given credence to one state of facts, rather than the other, on account of their greater intrinsic probability. And we cannot say the court erred in doing this. The boiler, as already remarked, was twenty-two feet

distant, and no part of it struck the mill, so far as the record discloses. So far as injury was done by the explosion, it was by its atmospheric effects. Yet how should these expend themselves so exclusively upon these two buildings, and not injure the adjoining tenements in the same block, nor any of the neighboring buildings. And how could the building fall without carrying with it the frame building on the north, whose joists rested in the north wall, and in which the witness McGary was sleeping, who testified the walls of the mill were standing when he came down upon the street? These and other probabilities, the court had a right to weigh, and probably did weigh, in balancing the testimony of opposing witnesses, and we cannot say he erred. The conclusion he came to was probably this: that the bricks which were spoken of by the witnesses as hurled through the air by the explosion, came from the brick-work in which the boilers were set; that probably some of the windows of the mill were blown out, but that the walls were substantially uninjured by the explosion, and fell only in consequence of the fire. Having arrived at this conclusion, there was sufficient evidence as to the value of the property to justify the court in finding that the damage by fire equalled all the insurance effected in the different companies. There was so strong a body of evidence in support of these conclusions, that we should not be justified in reversing the judgment.

*Judgment affirmed.*